**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

| | |
|---|---|
| **MUTULU SHAKUR,** | **CIVIL ACTION NO. 5:22-cv-204-KKC** |
| **Petitioner,** | |
| **V.** | **OPINION AND ORDER** |
| **DAVID PAUL, Warden, et al.,** | |
| **Respondents.** | |

**\*\*\* \*\*\* \*\*\***

In 1987, Petitioner Mutulu Shakur was convicted of RICO conspiracy, armed bank robbery, and bank robbery killings. In 1988, Shakur was sentenced to an aggregate term of 60 years in federal prison. Based on the law at the time of his sentencing, Shakur became eligible for "discretionary" parole in 1996. The United States Parole Commission (USPC) denied Shakur parole in 2002 and the Commission found no reason to alter that decision at any of the five hearings conducted between then and 2016. In 2016, after serving 30 years of his sentence, Shakur became eligible for "mandatory parole" under 18 U.S.C. § 4206. In 2017, the USPC denied parole. In April 2022, the USPC conducted another hearing and again denied parole.

On August 9, 2022, Shakur petitioned the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (DE 1). Shakur argued that the USPC violated his due process rights and abused its discretion when it refused to grant parole in April 2022. Shakur argued that § 4206 creates a presumption of parole unless the USPC finds a reasonable probability that the prisoner will commit another crime or has frequently violated prison rules and regulations, and that Shakur checks neither box. Shakur suffers from multiple myeloma and says he only has months to live.

On August 29, the USPC ordered Shakur's case be reopened pursuant to 28 C.F.R. § 2.28(a), which allows the Commission to rehear a case based upon new information supporting medical parole or compassionate release. Respondents argued that this rehearing was sufficient to grant Shakur the relief he requested, thus mooting his petition. (DE 26 at 12-13). Shakur disagreed, arguing that a new hearing is not sufficient relief. Because the denial of parole violated Shakur's right to due process and was an arbitrary and capricious decision denying mandatory parole under 18 U.S.C. § 4206, the proper relief was to vacate the USPC decision and order immediate release. (DE 28 at 9-10). In essence, Shakur argued that a rehearing to consider medical parole or compassionate release under one statute could not resolve the due process claims regarding the denial under the separate mandatory parole statute. Shakur stated that his claims could only be mooted by the USPC granting him release. (*Id.* at 10).

On October 12, the USPC went forward with the new hearing pursuant to 28 C.F.R. § 2.28(a). Based on Shakur's deteriorating health, the Commission ordered that Shakur be granted parole, effective December 16, 2022. (DE 29, #1).

Because the USPC has granted Shakur the relief he requests, the Court hereby ORDERS that the petition (DE 1) is DENIED AS MOOT and the matter is STRICKEN from the Court's active docket.

This 14th day of November, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY